## A. L. GREER *v.* W. S. LUDLOW, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—290.]

**Answer to Suit to Quiet Title.**

In a complaint to quiet title to real estate within a certain bound-
ary, an answer tenders no issue when it merely alleges that the
defendant is the owner of certain described real estate, but fails to
allege that such real estate was within the boundary of the land
described in plaintiffs complaint or to deny that plaintiff was in
possession of the land described in it.

**Notice and Form of Deposition.**

A notice to take depositions should be served long enough before
the taking as to afford to a party a reasonable opportunity to be
present. He should be allowed a reasonable time to notify or find
his attorney. The certificate to a deposition to be sufficient should
show that testimony reduced to writing by the examiner was read
to the witness before being signed by him.

### APPEAL FROM KENTON CHANCERY COURT.

October 6, 1885.

OPINION BY JUDGE HOLT:

The appellees, as heirs of J. L. Ludlow, brought this action
against A. L. Greer, alleging that they were the owners and in
possession of a certain boundary of land, which was described in
their petition, and that the appellant was threatening to sue their
tenants by reason of his claim to a part of the property; and
asking that their title and possession be quieted.

The answer of the appellant alleged that he was the owner of
lot No. 12, which is known as block E, Ludlow's subdivision of the
city of Covington, but failed to allege that it was embraced in the
boundary set forth in the petition, or to deny that the plaintiffs
were in possession of the land described in it. This court, there-
fore, upon the former appeal, held that no issue had been formed
by the pleadings.

Upon the return of the cause the appellant filed an amended
answer, making the issue, and to this the plaintiffs replied, dis-
claiming title to or possession of the lot claimed by him. The
appellant's amended answer was filed after one order of submis-

sion of the cause had been made; and the court did not abuse its discretion in setting aside the second order of submission, and permitting the reply to be filed.

The only testimony taken by the appellees is that of W. S. Ludlow; and the appellant excepted to it upon the grounds of insufficient notice and a defective certificate to the deposition. The notice was executed by the sheriff of Kenton county, on June 7, 1882, at 10 o'clock a. m., and notified the defendant that depositions would be taken upon that day between the hours of three and six o'clock p. m. The certificate does not state that the testimony of the witness, which was reduced to writing by the examiner, was read to him.

Civil Code, sec. 566, requires such a notice in a case like the one under consideration as will afford to a party a reasonable opportunity to be present. He should be allowed a reasonable time to notify or find his attorney, and in our opinion that in question was not reasonable; nor was the certificate to the deposition sufficient, because by Civ. Code, sec. 582, when the testimony is reduced to writing by the examiner, he is required to read it to the witness. It follows that the exceptions should have been sustained and the deposition suppressed.

The question next arises whether the pleadings and the remainder of the testimony are sufficient to support the judgment. It must be borne in mind that the petition sets out a certain boundary; that the answer admits the ownership and possession of the plaintiffs of the land, save as to lot No. 12, and the latter disclaim any right to or the possesion of it. So that the question in fact is as to the location of the lot and what land is embraced by it.

The deed of J. L. Ludlow to E. R. Wightman, made in 1841, and through whom the appellant claims title, describes the lot as "running back to the Ohio river." This would ordinarily mean, in the case of a navigable stream not subject to ebb and flow, to the center or thread of it, subject to the use of it by the public. Block E, however, as shown by the deed, was then laid out; and it clearly appears that "Ferry street" was then laid out, and that the lot in question did not extend across it, nor do any of the numerous lots in said block. It is true that it has never been used as a street, but its locality is well defined upon the city maps and the city has laid down water pipes leading to and along it.

One of appellant's intermediate vendors, Mary Helm, by the first deed made by her, on September 1, 1865, to J. H. Grier, who sold to the appellant on February 4, 1874, did not call "running to the river," but as "extending back the same width northwardly —— feet in block E." It is true that by a subsequent deed dated July 25, 1875, and probably after the dispute between the parties to this suit had arisen, she attempted to correct the call, and fix the line as running to the Ohio river; but all the deeds, including that to the appellant from James A. Greer, locate the lot as being entirely within "block E."

The city map made by Yates in 1868, and the plat filed with the deposition of W. S. Ludlow, which upon its face shows that it was made as early as 1859, both show this fact; and this map and plat are referred to by the other witnesses in the case, and can therefore be considered.

It appears that if the line of lot No. 12 be extended to low-water mark, it will reach a considerable distance beyond Ferry street; and the appellant, after the rendition of the judgment below, which, in describing the lot adjudged to the appellant, merely called for "the Ohio river," moved to correct it so as to call for the low-water mark. This was refused, and of it the appellant now complains.

It is shown that if the line be extended to the bank of the river, or to the water when at an ordinary stage, it will not reach beyond Ferry street; and that the water when in an ordinary stage covers the street where it fronts this lot. In our opinion the conclusion is inevitable that the lot in question lies wholly within block E; and if it does, then as shown by the maps and various deeds it does not extend beyond Ferry street, but yet reaches "to the river."

It appears that the appellees have been in possession of the land outside of this boundary of the lot, or north of Ferry street, for many years; that they leased it in 1875 for a term of years to a lessee desiring to use the water frontage; and while one lessee of theirs says that he for two or three years paid the appellant some rent, yet he expressly says that he did it to avoid a difficulty with him, and at the same time paid rent to the appellees; so that there was no allotment and the possession remained with the appellees.

The lower court decided that each party should pay their own

costs, and we are not disposed to disturb this apparently equitable adjustment as to it. Judgment *affirmed* upon both the original appeal and cross-appeal.

*Whitaker & Durrett, A. G. Simrall, for appellant.*
*O'Hara & Bryan, for appellees.*